# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

JAMES P. SMITH,                               )
                                              )
            Petitioner,                        )
                                              )
v.                                            )          Civil Action No. 5:08-0919
                                              )
UNITED STATES OF AMERICA, *et al.*,           )
                                              )
            Respondent.                        )

## PROPOSED FINDINGS AND RECOMMENDATION

On July 14, 2008, Petitioner, acting *pro se* and incarcerated at USP Coleman, filed an Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241.[1] (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application should be construed as a Motion under Section 2255 and (1) denied as successive; and (2) in any event, Petitioner is not entitled to relief under Section 2241.

## FACTUAL AND PROCEDURAL HISTORY

A.      **Criminal proceedings.**

By a single count Indictment filed on September 1, 1999, Petitioner was charged in this United States District Court with possessing a firearm after having been convicted of a felony, in

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Criminal Action No. 99-0161, Docket No. 1.)

On April 7, 2000, Petitioner pled guilty, pursuant to a written plea agreement, to the charge

contained in the Indictment. (Id., Document Nos. 54 and 55.) Petitioner's sentencing hearing was

conducted on July 10, 2000. Based upon Petitioner's six prior burglary convictions, the presiding

District Judge determined that Petitioner qualified for an enhanced sentence of not less than 15 years

under 18 U.S.C. § 924(e), the Armed Career Criminal Act. Petitioner was sentenced to a 207-month

term of imprisonment, to be followed by a five-year term of supervised release. (Id., Document No.

63.) Petitioner filed an appeal in the United States Court of Appeals for the Fourth Circuit, claiming

that the District Court should have granted his motion to suppress evidence seized from his person

during a pat-down search, that the statute under which he was convicted was unconstitutional, and

that his sentence should not have been enhanced under the Armed Career Criminal Act based upon

his prior burglary convictions. On September 17, 2001, the Fourth Circuit affirmed the District

Court's judgment. United States v. Smith, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17,

2001). Specifically, the Fourth Circuit found that the warrantless pat-down search of Petitioner

incident to his arrest was not unlawful, that the felon in possession statute does not violate the

Second Amendment or the Commerce Clause of the United States Constitution, and that Petitioner's

sentence was properly enhanced under the Armed Career Criminal statute. Petitioner requested

review in the United States Supreme Court. His request was denied by the Supreme Court on

February 25, 2002. Smith v. United States, 534 U.S. 1165, 122 S.Ct. 1180, 152 L.Ed.2d 122 (2002).

**B.     Prior post-conviction filings.**

On November 29, 2004, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence

under 28 U.S.C. § 2255 in this district court. (Civil Action No. 04-01262, Document No. 1.) On June

14, 2005, Petitioner filed a Petition in the United States District Court for the District of Kansas, which was determined to be another Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. The Kansas Court transferred that matter to this District, and the case was assigned Case No. 5:05-cv-0633. In both matters, Petitioner asserted claims of ineffective assistance of counsel. (Civil Action No. 05-0633, Document No. 9.) The undersigned entered Proposed Findings and Recommendation on December 2, 2005, recommending that the above cases be consolidated and dismissed as untimely. (Civil Action No. 04-01262, Document Nos. 41; Civil Action No. 05-0633, Document No. 24.) By Memorandum Opinion and Judgment Order entered on December 22, 2005, District Judge Joseph R. Goodwin adopted the undersigned's proposed findings and dismissed the above cases as untimely. (Civil Action No. 04-01262, Document Nos. 43 and 44; Civil Action No. 05-0633, Document Nos. 25 and 26.) Petitioner did not appeal.

On June 19, 2006, Petitioner filed three separate documents, which were docketed as Petitions for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Those matters were: Smith v. Hayden et al., 5:06-cv-0479, Smith v. United States et al., 5:06-cv-0480, and Smith v. United States, 5:06-cv-0481. Magistrate Judge Mary E. Stanley submitted Proposed Findings and Recommendation on September 5, 2006, recommending that the Petitions be dismissed as second or successive motions to vacate, set aside or correct Petitioner's sentence. (Civil Action No. 06-0479, Document No. 6; Civil Action No. 06-0480, Document No. 6; and Civil Action No. 06-0481, Document No. 6.) By Judgment Order entered March 8, 2007, District Judge Thomas E. Johnston adopted the Proposed Findings and dismissed the three actions. (Civil Action No. 06-0479, Document No. 13; Civil Action No. 06-0480, Document No. 13; and Civil Action No. 06-0481, Document No. 13.)

On August 17, 2006, Petitioner filed another document, which was docketed as a Complaint

under <u>Bivens</u> alleging violations of Petitioner's rights under the Second Amendment to the United States Constitution. (Civil Action No. 06-0645, Document No. 1.) Magistrate Judge Stanley submitted Proposed Findings and Recommendation proposing that District Judge Johnston find that the Complaint was actually a second or successive motion to vacate, set aside or correct Petitioner's sentence and, thus, it should be dismissed as such under 28 U.S.C. § 2255. (<u>Id.</u>, Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston adopted the findings and dismissed the action. (<u>Id.</u>, Document Nos. 8 and 9.)

On November 20, 2006, Petitioner filed four other documents. The first was a document entitled "In the alternative writ of error habeas corpus cum causa Rule 17.1 - 28 U.S.C. 1251 - Amendment II Order to show cause." (Civil Action No. 06-0990, Document No. 1.) That document was assigned Case No. 5:06-cv-0990. (<u>Id.</u>) The second document filed by Petitioner on November 20, 2006, was entitled "Writ of Habeas Corpus 28 U.S.C. § 2241 Federal rules of civil procedure 81(a)(2) Non-Statutory Habeas Corpus." (Civil Action No. 06-0991, Document No. 1.) That document was docketed as Case No. 5:06-cv-0991. (<u>Id.</u>) The third document filed by Petitioner on November 20, 2006, was entitled "QuoWarranto (a)(2) Scire ficias against Judge or others No traverse FOR VIOLATION OF THE UNITED STATES CONSTITUTION." (Civil Action No. 06-0992, Document No. 1.) That document was assigned Case No. 5:06-cv-0992. (<u>Id.</u>) The fourth document filed by Petitioner on November 20, 2006, was entitled "Writ of Mandamus Pursuant to 28 U.S.C. Soldiers and Sailors civil Relief clause 28 U.S. Code 1333." (Civil Action No. 06-00993, Document No. 1.) That document was assigned Case No. 5:06-cv-00993. (<u>Id.</u>) In all four of these documents, Petitioner again challenged the constitutionality of his firearm conviction.

On December 15, 2006, Petitioner filed another document entitled "STATUTORY & NON-STATUTORY WRIT OF HABEAS CORPUS in the alternative writ of mandamus writ of

procedendo writ of error writ of certiorari writ of habeas corpus cum causa writ of habeas corpus ad testificandum, Writ of privilege and ORDER TO SHOW CAUSE 28 USC 1333 civil." (Civil Action No. 06-01047, Document No. 1.) That document was assigned Case No. 5:06-cv-01047. (Id.) In that document, Petitioner again raised a Second Amendment challenge to his firearm conviction and challenged his guilty plea and sentence. (Id.) Magistrate Judge Stanley submitted Proposed Findings and Recommendation proposing that District Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Petitioner's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 06-990, Document No. 3; Civil Action No. 06-991, Document No. 5; Civil Action No. 06-0992, Document No. 5; Civil Action No. 06-0993, Document No. 5; and Civil Action No. 06-01047, Document No. 3.) By Judgment Order entered July 6, 2007, District Judge Johnston consolidated Case Nos. 5:06-cv-991 and 5:06-cv-1047 and denied Petitioner's habeas corpus applications. (Civil Action No. 06-00991, Document No. 11; and Civil Action 06-01047, Document No. 11.) By Judgment Order entered March 10, 2008, District Judge Johnston consolidated Case Nos. 5:06-cv-990, 5:06-cv-0992, and 5:06-cv-0993, and dismissed the petitions. (Civil Action No. 06-990, Document Nos. 5 and 6; Civil Action No. 06-0992, Document Nos. 7 and 8; and Civil Action No. 06-0993, Document Nos. 7 and 8.)

On January 19, 2007, Petitioner filed a document entitled "Petition in relation to Fraud on the Court(s) 28 U.S.C. 1333 soldiers and sailors civil relief Redress of Grievances." (Civil Action No. 07-00040, Document No. 1.) This document was docketed in Case No. 5:07-cv-00040. (Id.) The document is in the form of an "Affidavit at Law" and alleges that Petitioner was "illegally forced into an illegal and unethical 'plea bargain'" through the ineffective assistance of his counsel. (Id.)

Thus, Petitioner is again challenging the validity of his prior criminal conviction in this federal court for being a felon in possession of a firearm.

On February 21, 2007, Petitioner filed another document entitled "Writ of Habeas Corpus; in the alternative; writ of procedendo, writ of error, writ of certiorari, writ of habeas corpus cum causa, writ of habeas corpus ad testificandum (to testify), writ of privilege, order to show cause, 28 U.S.C. § 2254." (Civil Action No. 07-00113, Document No. 1.) This document was docketed in Case No. 5:07-cv-0113. (Id.) The document is styled "In the Court of Federal Claims Indiana Supreme Court." (Id.) The document again challenges Petitioner's guilty plea in this federal court to a charge of being a felon in possession of a firearm. (Id.)

Also on February 21, 2007, Petitioner filed a document entitled "Writ of Quo Warranto, 28 USC 2241, 81A2, pursuant to Art. II U.S. Constitution. 28 USC 1333 soldiers and sailors civil relief." (Civil Action No. 07-00114, Document No. 1.) This document was docketed as Case No. 5:07-cv-00114, and challenges Petitioner's conviction for being a felon in possession of a firearm under the Second Amendment of the United States Constitution. (Id.)

On March 12, 2007, Petitioner filed a "Petition for a Writ of Habeas Corpus, Non Statutory FRCvP 81(a)(2)," again challenging the validity of his conviction for being a felon in possession of a firearm. (Civil Action No. 07-00151, Document No. 2.) On March 12, 2007, Petitioner also filed an addendum to his petition, and a letter-form Motion for Change of Venue. (Id., Document Nos. 3 and 4.) These documents were docketed in Case No. 5:07-cv-00151.

By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston consolidated Case Nos. 5:07-cv-00040, 5:07-cv-00113, 5:07-cv-00114, and 5:07-cv-00151, and dismissed them. (Civil Action No. 07-00040, Document Nos. 7 and 8; Civil Action No. 07-

00113, Document Nos. 7 and 8; Civil Action No. 07-00114, Document Nos. 7 and 8; and Civil Action No. 07-00151, Document Nos. 9 and 10.)

On April 5, 2007, Petitioner filed a "Writ of Habeas Corpus pursuant to 28 USC 1361 & non statutory habeas FRCVP 81(a)(2), challenging the Gun Control Act of 1968, and asserting that he was "forced into an illegal 'plea bargain' by fraud and trickery." (Civil Action No. 07-00225, Document No. 1.) This case was docketed as No. 5:07-cv-00225. (Id.) On April 23, 2007, Petitioner filed another document complaining that Respondents had not made an appearance in court. (Id., Document No. 3.)

On May 7, 2007, Petitioner filed a "writ of habeas corpus pursuant to 28 USC 2255, 2244, frcp 81(a)(2), 28 USC 1331 Soldiers and Sailors civil relief, Motion for a Jury Trial de nova, petition to life tenured judge," arguing that the Gun Control Act of 1968 is unconstitutional, and that he was "forced to take a so called 'plea bargain' upon threat of life imprisonment." (Civil Action No. 07-00285, Document No. 1.) This case was docketed as Case No. 5:07-cv-00285. (Id.) On May 21, 2007, he filed a document objecting to the referral to a magistrate judge. (Id., Document No. 3.)

On August 24, 2007, Petitioner filed a "writ of habeas corpus pursuant to frcp 81(a)(2) non statutory corpus 28 usc 1333," which is two pages of handwriting, followed by a typed document entitled, "Expatriation non statutory habeas corpus FRCVP 81 (a)(2)." (Civil Action No. 07-00526, Document No. 1.) This case was docketed as Case No. 5:07-cv-00526. (Id.) The handwritten document appears to complain about his plea agreement; the typed document constitutes his declaration that he has relinquished his citizenship of the United States, and is a State citizen of West Virginia. (Id.)

On August 24, 2007, Magistrate Judge Stanley submitted a joint Proposed Findings and

Recommendation as to Case Nos. 5:07-cv-0225, 5:07-cv-0285, 5:07-cv-0526, proposing that District Judge Johnston find that the petitions or complaints filed in those matters were actually second or successive motions to vacate, set aside or correct Petitioner's sentence and, thus, they should be dismissed as such under 28 U.S.C. § 2255. (Civil Action No. 07-225, Document No. 4; Civil Action No. 07-285, Document No. 4; and Civil Action No. 07-0526, Document No. 3.) By Memorandum Opinion and Judgment Order entered March 10, 2008, District Judge Johnston adopted Magistrate Judge Stanley's Proposed Findings and Recommendation and dismissed the above cases.[2] (Civil Action No. 07-225, Document Nos. 5 and 6; Civil Action No. 07-285, Document Nos. 5 and 6; and Civil Action No. 07-0526, Document Nos. 4 and 5.)

### C.    Petitioner's present filings.

On July 14, 2008, Petitioner filed his "28 U.S.C. 2241, 28 U.S.C. 1333 Soldiers & Sailors Civil Relief Writ of Habeas Corpus." (Document No. 1.) Petitioner states that he "is challenging the so-called 'crime' of 'felon in possession' originally 18 U.S.C. § 1202(a)(1)." (Id.) Petitioner first alleges that the statute is overbroad. (Id.) Next, Petitioner argues that the statute violates the separation of powers doctrine, his right to face accusers, the Supremacy Clause, and the ex post facto clause. (Id.) He further contends that the United States is "guilty of breach of contract" concerning his plea agreement. (Id.) In his "Addendum to Writ of Habeas Corpus," Petitioner continues to allege that the felon in possession statute violates the Commerce Clause of the United States Constitution. (Document Nos. 1-1 and 1-2.)

---

[2] On November 17, 2009, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Civil Action No. 5:09-1257, Document No. 1.) The undersigned has entered this day a Proposed Finding and Recommendation that Petitioner's Motion be denied as successive.

8

On July 14, 2008, Petitioner filed a document entitled "Recession of Any & All Signatures Upon Pleas For Force & Trickery." (Document No. 2.) Petitioner continues to claim that his plea was involuntary and the felon in possession statute violates the Commerce Clause. (Id.) On May 17, 2010, Petitioner filed a document entitled "Writ to the Clerk to Grant Total Relief from Imprisonment" arguing that the felon in possession statute violates the Commerce Clause. (Document No. 5.) On August 16, 2010, Petitioner filed an "Addendum Pursuant to Equal Protection and Separation of Powers" arguing that he has a right to a trial by jury and he is "illegally imprisoned by this Court." (Document No. 8.) On October 12, 2010, Petitioner filed an Addendum stating that he "seeks to void a forced plea bargain from this court." (Document No. 9.) On January 21, 2011, Petitioner filed a document entitled "Cautio Criminalis, The Law of Nature & Natures Law" again challenging the constitutionality of his firearms conviction. (Document No. 11.) On January 24, 2011, Petitioner filed a "Writ of Habeas Corpus" complaining that his conviction is unconstitutional. (Document No. 12.) On February 4, 2011, Petitioner filed a document entitled "28 U.S.C. § 1333 S&S, 28 U.S.C. § 2241 Habeas" arguing that his "arrest, trial, and conviction" are unconstitutional. (Document No. 15.) Petitioner requests that his "unconstitutional/unconscionable" plea be invalidated. (Id., p. 4.) On February 7, 2011, Petitioner filed a document entitled "28 U.S.C. § 2255, 28 U.S.C. § 1333" claiming that the felon in possession statute is unconstitutional. (Document No. 17.)

**DISCUSSION**

Applications under 28 U.S.C. § 2255 are the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. In Re Jones, 226 F.3d 328, 333 (4th Cir. 2000)("[W]hen § 2255 proves 'inadequate or

ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996). The fact that relief under Section 2255 is barred procedurally or by the gatekeeping requirements of Section 2255 does not render the remedy of Section 2255 inadequate or ineffective. In re Jones, 226 F.3d at 332; Young v. Conley, 128 F.Supp.2d 354, 357 (S.D.W.Va. 2001). The Fourth Circuit has stated that "§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this Circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 Motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law." In re Jones, 226 F.3d at 333 - 334. Petitioner bears the burden of showing the inadequacy or ineffectiveness of a Section 2255 Motion. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. See 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective" as discussed above, issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are

therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000).

The undersigned finds that Petitioner's claims are properly considered under Section 2255, not Section 2241. Essentially, Petitioner challenges the validity of his conviction imposed by this Court. Specifically, Petitioner alleges that his plea was involuntary and the felon in possession statute violates the Second Amendment and the Commerce Clause of the United States Constitution.[3] Thus, Petitioner requests that he be released from his "illegal imprisonment." Therefore, in view of the nature of the claims, the Application in this case must be construed as a Motion to Vacate, Set Aside or Correct his sentence under Section 2255.

Considering Petitioner's Application as a Section 2255 Motion, the undersigned finds it to be a successive proceeding under Section 2255. Under the Antiterrorism and Effective Death Penalty Act [AEDPA] Amendments to 28 U.S.C. § 2255 "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals." To obtain

---

[3]   Furthermore, Petitioner's claim that the felon in possession statute violates the Second Amendment or the Commerce Clause of the United States Constitution is procedurally barred. In *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.)(per curiam), *cert. denied*, 429 U.S. 863, 97 S.Ct. 169, 50 L.Ed.2d 142 (1976), the Court held that a defendant "will not be allowed to recast, under the guise of a collateral attack, questions fully considered [on appeal]." An exception exists, however, when there has been an intervening change in the law which justifies consideration of a prior determination. *See Davis v. United States*, 417 U.S. 333, 342, 94 S.Ct. 2298, 2303, 41 L.Ed.2d 109 (1974). The undersigned notes Petitioner's instant *habeas* claim was raised on appeal and specifically rejected by the Fourth Circuit. *United States v. Smith*, 18 Fed. Appx. 201, 2001 WL 1082100 (4th Cir., Sept. 17, 2001). Therefore, Petitioner's above claims are procedurally barred because he is seeking to revisit the same issue that was rejected on appeal without directing the Court to any intervening change in law which authorizes him to do so.

certification from the Court of Appeals, the Petitioner must demonstrate that the Motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255. Nevertheless, this Court need not reach the issue of whether Petitioner's Petition actually contains newly discovered evidence or presents a new rule of constitutional law. "[B]efore a prisoner can pursue a qualifying 'second or successive' 2255 Petition, he must obtain authorization from the court of appeals." In re Goddard, 170 F.3d 435, 436 (4th Cir. 1999); See 28 U.S.C. § 2244(b)(3)(A). Petitioner has failed to allege or demonstrate that he has obtained the necessary authorization from the Fourth Circuit Court of Appeals for his successive motion. A second or successive proceeding under Section 2255 may not be initiated without the certification/authorization of the appropriate Court of Appeals. Petitioner's Petition should be dismissed because Petitioner has proceeded under Section 2255 in the sentencing Court once before and has not obtained certification/authorization to file a second or successive Motion from the Fourth Circuit Court of Appeals.

Furthermore, Petitioner has not demonstrated and cannot demonstrate that Section 2255 was inadequate or ineffective such that he could resort to Section 2241. The undersigned notes that Petitioner does not allege an intervening change in law that establishes his actual innocence. Additionally, Section 2255 is not rendered inadequate or ineffective merely because an individual is barred procedurally or by the gatekeeping requirements of Section 2255. To the extent Petitioner seeks relief under Section 2241, Petitioner has failed to sustain his burden of showing the inadequacy or ineffectiveness of a Section 2255 Application and his Section 2241 Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **CONSTRUE** Petitioner's Application for Writ of Habeas Corpus by a Person in Federal Custody Pursuant to 28 U.S.C. § 2241 (Document Nos. 1, 5, 8, 9, 12, 15, 17) as a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, **DISMISS** Petitioner's Section 2255 Motion as successive (Document Nos. 1, 5, 8, 9, 12, 15, 17), and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce,

727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984).

Copies of such objections shall be served on opposing parties, District Judge Berger, and this

Magistrate Judge.

 The Clerk is requested to send a copy of this Proposed Findings and Recommendation to

Petitioner, who is acting *pro se*.

 Date: February 8, 2011.

R. Clarke VanDervort
United States Magistrate Judge