**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

JAMES P. SMITH,

Petitioner,

v. CIVIL ACTION NO. 5:08-cv-00919

UNITED STATES OF AMERICA, et al.,

Respondents.

**MEMORANDUM OPINION AND ORDER
ADOPTING PROPOSED FINDINGS AND RECOMMENDATION**

The Court has reviewed Petitioner's *Soldiers and Sailors Civil Relief Writ of Habeas Corpus Pursuant to 28 U.S.C. §§ 1333 and 2241* (Document 1), the assigned Magistrate Judge's *Proposed Findings and Recommendation* ("PF&R") (Document18) and Plaintiff's *Objections* thereto (Documents 20-22). The Magistrate Judge recommends that this Court construe Petitioner's instant submission as a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody, dismiss Petitioner's Section 2255 motion as successive and remove this matter from the Court's docket.

The Court finds, for the reasons stated herein, that Petitioner's Objections should be overruled and the Magistrate Judge's Proposed Findings and Recommendation ("PF&R") should be adopted.

*I.*

On April 7, 2000, in this district, Petitioner pled guilty to possession of a firearm by a person convicted of a felony in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Thereafter, Petitioner was sentenced to 207 months imprisonment, to be followed by a five (5)-year period of supervised release. Petitioner appealed his conviction challenging, among other things, the constitutionality of the statute under which he was convicted and contested the enhancements provided for by the Armed Career Offender Act. In an unpublished per curiam opinion decided September 17, 2001, the United States Court of Appeals for the Fourth Circuit concluded, *inter alia*, that Section 922(g)(1) does not violate the Second Amendment or the Commerce Clause of the United States Constitution. The Circuit Court affirmed Petitioner's conviction and sentence. *United States v. Smith*, 18 F. App'x 201 (4th Cir. 2001). The Supreme Court of the United States denied Petitioner's writ of certiorari on February 25, 2002. *Smith v. United States*, 534 U.S. 1165 (2002).

On November 29, 2004, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. On December 22, 2005, Petitioner's Section 2255 motion was dismissed as untimely. (*See* Memorandum Opinion and Order (Document 120). Petitioner did not seek appellate review of the dismissal of his Section 2255 motion.

As stated in greater detail in the Magistrate Judge's PF&R, Petitioner has unsuccessfully engaged in extensive post-conviction litigation since the dismissal of his Section 2255 Motion. (PF&R at 2-8); *See Smith v. Hayden*, Civil Action No.5:05-cv-0884, 2009 WL 1543910 at *2 (S.D. W. Va. Jun. 2, 2009) (Johnston, J.) (enjoining Petitioner from filing any actions in this district without the representation of counsel, payment in full of the required filing fee or leave of this court upon consideration that Petitioner has filed twenty lawsuits related to his 2000 guilty plea and sentence). In large part, Petitioner's post-conviction filings have been determined to be successive

Section 2255 motions and dismissed. At the time of filing the instant petition, Petitioner was housed at the United States Penitentiary in Coleman, Florida.[1]

In his initial submission, Petitioner again challenges the constitutionality of the "so-called 'crime' of 'felon in possession[,]'" (Document 1; 1-2) and asserts that the charging indictment and evidence was insufficient in his case (Document 1-1 at 2.). In later filings, Petitioner contends that his guilty plea was involuntary and that the felon in possession statute violates the Commerce Clause (Document 2, 5, 11-12, 17); that he has a right to trial by jury (Document 8); and that his guilty plea was induced by fraud (Document 9).[2]

*II.*

*A. Standard of Review*

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).

*B. Applicable Law*

---

[1] Petitioner has since been relocated to the United States Penitentiary in Florence, Colorado. (Document No. 23).

[2] Since Petitioner is proceeding *pro se*, his Petition will "be held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

The statutory framework for post-conviction relief from federal judgments of conviction is found in Chapter 153 of Title 28 of the United States Code. A writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a Motion to Vacate, Set Aside or Correct sentence pursuant to 28 U.S.C. § 2255 are separate and distinct devices for securing post-conviction relief.[3] A Section 2241 petition attacks the manner in which a sentence is executed. 28 U.S.C. § 2241(a). A federal inmate seeking to collaterally attack the imposition or validity of his federal judgment and sentence is required to bring a motion to vacate the sentence pursuant to 28 U.S.C. § 2255(a).[4] *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc). "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." *United States v. Poole*, 531 F.3d 263, 264 (4th Cir. 2008); 28 U.S.C. § 2255(a). While a federal prisoner may not generally seek collateral relief from a conviction or sentence by way of a Section 2241 petition, there is an exception under the oft-referenced "savings clause" in Section 2255. That provision provides that a prisoner may seek relief under Section 2241 if the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The "savings clause" is not triggered "merely . . . because an individual is

---

[3] The Court finds that 28 U.S.C. § 1333, as cited by Petitioner, is not relevant to his request for post-conviction relief.

[4] Section 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 (a).

procedurally barred from filing a Section 2255 motion[.]" *Vial*, 115 F.3d at 1194. Additionally, Section 2255 "is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision." *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The Fourth Circuit Court of Appeals has recognized that the savings clause applies in only very limited circumstances. Specifically, Section 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *Jones*, 226 F.3d at 333-34.); *Darden v. Stephens*, No.10-7496, 2011 WL 1625094, at *1 (4th Cir. Apr. 29, 2011). The petitioner bears the burden of demonstrating that the Section 2255 remedy is inadequate or ineffective. *Hood v. United States*, 13 F.App'x 72 (4th Cir. 2001) (unpublished decision); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).

Moreover, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed limitations on the consideration of "second or successive" habeas petitions. The applicant of such a petition in the district court must obtain leave to do so from a panel of the court of appeals. (*See* Rule 9 of the Rules Governing Section 2255 Proceedings for the United States District Court). Leave may be granted only if the proposed habeas petition contains claims resting on (1) newly discovered evidence, that if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense, or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *See* 28 U.S.C.A.

§ 2255(h); *United States v. Winestock*, 340 F.3d 200, 204 (4th Cir.2003). "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." (*Id*. at 205) (citing *Evans v. Smith*, 220 F.3d 306, 325 (4th Cir.2000)).

*III.*

By Standing Order entered on July 14, 2008, this matter was referred to the Honorable R. Clarke VanDervort, United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636. (Document 3) In the PF&R, the Magistrate Judge found that the nature of Petitioner's claims–that his plea was involuntary and the felon in possession statute violates the Second Amendment and the Commerce Clause of the United States Constitution–reveals that Petitioner is challenging the validity of his conviction and sentence. The Magistrate Judge also found that Petitioner's constitutional challenges of Section 922(g)(1) are procedurally barred in that he is seeking to revisit the same issue rejected on appeal without directing the court to an intervening change in law. Additionally, the Magistrate Judge found that Petitioner has failed to sustain his burden of demonstrating that Section 2255 is inadequate or ineffective to permit a challenge of his conviction pursuant to Section 2241; that his submissions should be considered as a Section 2255 motion; that Petitioner has previously litigated a Section 2255 motion; and that he has failed to obtain a certification or authorization from the appropriate Court of Appeals to proceed on a second or successive Section 2255 motion.

Petitioner, in his objections and varied submissions filed after the Magistrate's PF&R, essentially maintains his assertions that his guilty plea was involuntary and that his conviction is unlawful. These assertions amount to general conclusory objections. This Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court

to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). However, to the extent that Petitioner maintains a challenge of the constitutionality of Section 922(g)(1), the Court finds that Petitioner has asserted that argument on appeal and it was rejected by the Fourth Circuit. Petitioner has not demonstrated that there has been a substantive change of the law such that the conduct, for which Petitioner was convicted, is no longer criminal. Moreover, Petitioner does not challenge the Magistrate Judge's finding that he is raising a second or successive Section 2255 motion which has not been authorized by the Court of Appeals. Therefore, upon review of the Petitioner's objections and the entire record herein, the Court finds that Petitioner's objections should be **OVERRULED.**

The Court construes the instant petition and subsequent submissions as a Section 2255 motion challenging the validity of a conviction or sentence. The Court lacks jurisdiction to consider Petitioner's Second or Successive Section 2255 motion absent authorization by the appropriate Court of Appeals.

Accordingly, the Court does hereby **ADOPT** and incorporate herein the findings and recommendation of the Magistrate Judge as contained in the *Proposed Findings and Recommendation*, and **ORDERS** that Petitioner's *Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241* (Documents 1, 5, 8-9, 12, 15, 17) be **DISMISSED**.

The Court has additionally considered whether to grant a certificate of appealability. *See* 28 U.S.C. § 2253(c). A certificate will not be granted unless there is "a substantial showing of the denial of a constitutional right." *Id*. § 2253(c)(2). The standard is satisfied only upon a showing that reasonable jurists would find that any assessment of the constitutional claims by this Court is debatable or wrong and that any dispositive procedural ruling is likewise debatable. *Miller-El v.*

*Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683-84 (4th Cir. 2001). The Court concludes that the governing standard is not satisfied in this instance. Accordingly, the Court **DENIES** a certificate of appealability. The Clerk is directed to remove the instant matters from the docket.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 8, 2011

Irene C. Berger

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA